UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Nelson Velez
and other similarly situated individuals,

    Plaintiff(s),

v.

Heritage GP LLC,
a/k/a Princeton Acquisition LLC,
a/k/a Princeton Management
and Matthew B. Lester, individually,

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Nelson Velez and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Heritage GP LLC, a/k/a Princeton Acquisition LLC, a/k/a Princeton Management, and Matthew B. Lester, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the

Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Nelson Velez is a resident of Duval County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Heritage GP LLC, a/k/a Princeton Acquisition LLC, a/k/a Princeton Management (from now on Princeton Management, or Defendant) is a Foreign Limited Liability Company registered to perform business in Florida. Defendant has a place of business in Jacksonville, Duval County, within this Court Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. The individual, Defendant Matthew B. Lester, was and is now the owner/partner/officer and operator of Defendant Corporation Heritage GP LLC, a/k/a Princeton Acquisition LLC, a/k/a Princeton Management. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Duval County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Nelson Velez as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2019, (the "material time") without being adequately compensated.

7. Defendant Princeton Management is a property management company. Defendant Princeton Management provided property management, leasing, and maintenance services to Chelsea Courtyards Apartments, located at 2260 University Boulevard North, Jacksonville, Florida 32211.

8. Defendants Princeton Management and Matthew B. Lester employed Plaintiff Nelson Velez as a non-exempted, full-time, hourly employee from April 8, 2018, to March 24, 2022, or almost four years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

9. Plaintiff was hired as a maintenance employee and pool cleaner for Chelsea Courtyards Apartments, a residential complex with 138 units. Plaintiff had multiple responsibilities, including maintenance, emergency repairs, plumbing, electricity, painting, etc.

10. Plaintiff lived at the complex as per the convenience of the Employers.

11. Plaintiff was paid a wage rate of $17.00 an hour. Plaintiff's overtime should be $25.50 an hour.

12. During his employment with Defendants, Plaintiff worked a regular schedule of 6 days per week. From Monday to Friday, Plaintiff worked from 8:00 AM to 5:00 PM (9 hours daily). On Saturdays, Plaintiff worked approximately from 10:00 AM to 12:00 or 12:30 PM (2 or 2.5 hours). Plaintiff worked a total of 42 or 42.5 hours weekly, after Defendants' deduction of 5 hours of lunchtime.

13. Plaintiff was paid his regular wages for 40 hours plus 2 or 2.5 overtime hours at the correct rate.

14. However, due to his living quarters' arrangements at Chelsea Courtyards Apartments, Plaintiff was on a permanent On-call duty after 5:00 PM, 7 days per week.

15. Plaintiff performed a minimum average of 1 On-call working hour daily, from Monday to Sunday, or 7 On-call hours weekly. These 7 On-call hours constitute 7 unpaid overtime hours weekly that were not paid at any rate, not even at the minimum wage rate, as required by law. Plaintiff was not able to clock in and out to perform these emergency services.

16. Plaintiff is also claiming 3 hours of lunchtime weekly. Defendants deducted 1 hour of lunchtime daily. Nevertheless, Plaintiff could not take bonafide lunchtime at least 3 times per week. These 3 lunchtime hours, improperly deducted, constitute additional 3 unpaid overtime hours per week.

17. During his employment with Defendants, Plaintiff worked consistently and regularly 52.5 hours weekly. However, Defendants did not compensate Plaintiff for a minimum of 10 overtime hours per week.

18. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

20. Plaintiff was paid bi-weekly with direct deposits and paystubs that did not reflect the real number of days and hours worked.

21. On or about March 24, 2022, Plaintiff was fired due to unfair reasons, and he was required to leave his apartment at Chelsea Courtyards Apartments immediately.

22. Plaintiff Nelson Velez seeks to recover 10 unpaid overtime hours weekly for every week he worked for Defendants, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

23. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

25. This action is intended to include every maintenance employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**COUNT I:
WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

26. Plaintiff Nelson Velez re-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

27. Defendant Princeton Management was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a property management company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering products and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

28. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a maintenance and pool cleaning employee, and he handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

29. Defendants Princeton Management and Matthew B. Lester employed Plaintiff Nelson Velez as a non-exempted, full-time, hourly employee from April 8, 2018, to March 24, 2022, or almost four years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

30. Plaintiff was hired as a maintenance employee and pool cleaner for Chelsea Courtyards Apartments, a residential complex with 138 units.

31. Plaintiff lived at the complex as per the convenience of the Employer.

32. Plaintiff was paid a wage rate of $17.00 an hour. Plaintiff's overtime should be $25.50 an hour.

33. During his employment with Defendants, Plaintiff worked a regular schedule of 6 days per week, a total of 42 or 42.5 hours., after Defendants' deduction of 5 hours of lunchtime.

34. Plaintiff was paid his regular wages for 40 hours plus 2 or 2.5 overtime hours at the correct rate.

35. However, due to his living quarters' arrangements at Chelsea Courtyards Apartments, Plaintiff was on a permanent On-call duty after 5:00 PM, 7 days per week.

36. Plaintiff performed a minimum average of 1 On-call working hour daily, from Monday to Sunday, or 7 On-call hours weekly. These 7 On-call hours constitute 7 unpaid overtime hours weekly that were not paid at any rate, not even at the minimum wage rate, as required by law.

37. Plaintiff is also claiming 3 hours weekly of lunchtime. Defendants deducted 1 hour of lunchtime daily. Nevertheless, Plaintiff could not take bonafide

lunchtime at least 3 times per week. These 3 lunchtime hours, improperly deducted, constitute additional 3 unpaid overtime hours per week.

38. During his employment with Defendants, Plaintiff worked consistently and regularly 52.5 hours weekly. However, Defendants did not compensate Plaintiff for a minimum of 10 overtime hours per week.

39. Defendants were in complete control of Plaintiff's schedule, and they were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

40. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

41. Plaintiff was paid bi-weekly with direct deposits and paystubs that did not reflect the real number of days and hours worked.

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

43. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Thirty-Nine Thousand Five Hundred Twenty-Five Dollars and 00/100 ($39,525.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: almost 4 years
       Relevant weeks of employment: 155 weeks
       Total hours worked: 52/ 52.5 hours weekly
       Total O/T hours: 12 / 12.5 O/T
       Total unpaid O/T hours: 10 overtime hours weekly
       Regular rate: $17.00 x 1.5=$25.50 O/T rate
       O/T rate $25.50

       O/T $25.50 x 10 O/T hours=$255.00 weekly x 155 weeks=$39,525.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

46. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

48. At times mentioned, individual Defendant Matthew B. Lester was, and is now, the owner/partner/manager of Princeton Management. Defendant Matthew B. Lester was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Princeton Management's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Matthew B. Lester had financial and

operational control of the business determined Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

49. Defendants Princeton Management and Matthew B. Lester willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Nelson Velez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Nelson Velez and other similarly situated individuals and against Defendants Princeton Management and Matthew B. Lester based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Nelson Velez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of

forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Nelson Velez demands a trial by a jury of all issues triable as of right by a jury.

Dated:  April 30, 2022

                                          Respectfully submitted,

                                          By:  **/s/ Zandro E. Palma**
                                          ZANDRO E. PALMA, P.A.
                                          Florida Bar No.: 0024031
                                          9100 S. Dadeland Blvd.
                                          Suite 1500
                                          Miami, FL 33156
                                          Telephone:      (305) 446-1500
                                          Facsimile:        (305) 446-1502
                                          zep@thepalmalawgroup.com
                                          *Attorney for Plaintiff*