**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**NELSON VELEZ**
**and other similarly situated individuals,**

    **Plaintiff(s),**

**v.**                                        **Case No.: 3:22-cv-486-MMH-PDB**

**PRINCETON ACQUISITION LLC,**

    **Defendant.**
_____/

## JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIM

Plaintiff, NELSON VELEZ, and Defendant, PRINCETON ACQUISITION LLC, (collectively referred to herein as the "Parties"), by and through their undersigned counsel, file this Joint Motion for Order Approving Resolution of FLSA Claim. In support, the Parties state as follows:

1. On or about April 30, 2022, Plaintiff filed a Complaint alleging that Heritage GP LLC, a/k/a Princeton Acquisition LLC, a/k/a Princeton Management and Matthew B. Lester, individually, violated the FLSA.

2. On or about June 8, 2022, Plaintiff filed an Amended Complaint, properly naming Defendant, Princeton Acquisition LLC, alleging that Defendant violated the FLSA.

3. In his Amended Complaint, Plaintiff alleges that he was not paid overtime compensation which he earned, because he worked off the clock and/or was not paid the overtime premium for certain hours worked.

4. Defendant adamantly denies all allegations and claims asserted by Plaintiff, and especially denies that Plaintiff worked off the clock or that he was not paid the overtime premium for hours that he worked over forty (40) hours.

5. Given the inherent risks and uncertainties of trial, the Parties have negotiated a reasonable, fair, and complete compromise of Plaintiff's claims. The Parties have determined that a resolution in this case at this juncture outweighs the risks and costs for both Parties in going forward with trial.

6. The settlement negotiations were meaningful, and a settlement was reached after the Parties investigated the matter, engaged in ample discovery, and exchanged written discovery and documents. The case involves disputed issues of liability and damages. Accordingly, Plaintiff understands that the monetary consideration being paid in this action may be more than he might recover should the action proceed to the trial and he prevail.

6. The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. Moreover, all attorneys' fees and costs were

negotiated separately and independent from, and subsequent to, the wage amounts set forth in the Parties' Settlement Agreement. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."

## **MEMORANDUM OF LAW**

When an FLSA settlement involves a compromise, the settlement is submitted for judicial review and approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As would a District Court, the Court is to review the attached Agreement to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1)  the existence of fraud or collusion behind the settlement;
(2)  the complexity, expense, and likely duration of the litigation;
(3)  the stage of proceedings and the amount of discovery completed;
(4)  the probability of plaintiff's success on the merits;
(5)  the range of possible recovery; and
(6)  the opinions of counsel.

*See e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be

mindful of the strong presumption in favor of finding a settlement fair and reasonable. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

Here, the resolution reached by the Parties was negotiated at arm's length by experienced counsel who protected the rights of both Parties, and did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Parties after extensive investigation, discovery, and negotiation. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff under the FLSA and also the amount of damages, if any, that were available to the Plaintiff under the FLSA. To this end, the Parties have – at all times – been represented by competent counsel experienced in the litigation of FLSA claims. Plaintiff worked for Defendant for approximately four (4) years. Plaintiff's time and pay records show that he was paid for all hours actually recorded and reported to Defendant. Plaintiff worked for Defendant as a maintenance employee and at the time of his termination, he was paid an hourly rate of $17.00. Accordingly, the amount agreed to by the Parties, which Plaintiff acknowledges may be more than what he might recover if he were to prevail at trial, is a fair and reasonable compromise of his FLSA claims, especially when

considering the probability Plaintiff will succeed on the merits, and the range of potential possible recovery.

With the Court's approval, the Parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiff's wage and hour and overtime claims under the FLSA. The Settlement Agreement resolves all issues in this Arbitration and will result in a full and final dismissal of all FLSA and/or wage-related claims. *See* Ex. A. Both Parties agree that the attorneys' fee payment was negotiated separate from and without regard to the amount being paid to Plaintiff, and further, that same represents a fair and reasonable amount to be paid to Plaintiff's attorneys. Plaintiff's attorneys also represent and agree to release any further claim or lien in relation to the attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court find the agreed-upon resolution of Plaintiff's FLSA claims to be fair and reasonable, and therefore, dismiss this action with prejudice.

Respectfully submitted,

| | |
|---|---|
| */s/ Zandro E. Palma* | */s/ Katherine B. Brezinski* |
| | |
| Zandro E. Palma, Esq. | JACKSON LEWIS P.C. |
| ZANDRO E. PALMA, P.A. | 501 Riverside Avenue, Suite 902 |
| 9100 S. Dadeland Blvd. | Jacksonville, FL 32202 |
| Suite 1500 | Telephone: (904) 638-2655 |
| Miami, FL 33156 | Facsimile: (904) 638-2656 |
| E-mail: zep@thepalmagroup.com | |
| | Benjamin D. Sharkey |
| *Attorney for Plaintiff* | Florida Bar No. 0389160 |
| | Benjamin.Sharkey@jacksonlewis.com |
| | Katherine B. Brezinski |
| | Florida Bar No. 1002924 |
| | Katherine.Brezinski@jacksonlewis.com |
| | Kathy.Corbin@jacksonlewis.com |
| | JacksonvilleDocketing@jacksonlewis.com |
| | |
| | *Attorneys for Defendant* |

4880-9416-5800, v. 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**NELSON VELEZ**
**and other similarly situated individuals,**

    **Plaintiff(s),**

v.                                                          Case No.: 3:22-cv-486-MMH-PDB

**PRINCETON ACQUISITION LLC,**

    **Defendant.**
_____/

## SETTLEMENT AGREEMENT PURSUANT TO THE FAIR LABOR STANDARDS ACT

    This Fair Labor Standards Act ("FLSA") Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **NELSON VELEZ,** on behalf of herself, heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "**Velez**") and **PRINCETON ACQUISITION LLC** ("**Defendant**"). Throughout this Agreement, Nelson Velez and Princeton Acquisition LLC shall collectively be referred to as the "Parties."

    WHEREAS, Velez was employed by Princeton Acquisition LLC;

    WHEREAS, Velez has alleged unpaid compensation was due to him pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, in the above referenced lawsuit styled, *Nelson Velez v. Princeton Acquisition LLC*, Case No. 3:22-cv-486-MMH-PDB (the "Action");

    WHEREAS, Defendant adamantly denies any and all liability and/or wrongdoing with respect to Velez; and,

    WHEREAS, the Parties wish to avoid litigation, its inherent uncertainties, and desire to settle and resolve the controversy and Action between them amicably and expeditiously;

WHEREAS, the Parties agree that neither the making of this Agreement nor anything contained herein shall, in any way, be construed, considered, or deemed to be an admission by Defendant of guilt, liability, wrongdoing, or of noncompliance with, or violation of, any federal, state, or local statute or law, public policy, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **RECITALS**. The foregoing recitals are true and correct, and are incorporated herein by this reference.

2. **RELEASE OF FLSA COMPENSATION CLAIMS**.

    A. <u>Release of All Compensation-Related Claims</u>. Velez knowingly and voluntarily releases and forever discharges Princeton Acquisition LLC; Princeton Enterprises L.L.C. d/b/a Princeton Management; Chelsea Owner LLC; any and all other properties managed by, affiliated, or associated with Princeton Management; and all of its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, partners, owners, members, shareholders, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Velez had, has, or may have against Releasees as of the date of execution of this Agreement in connection with his alleged entitlement to any compensation through his employment with Princeton Acquisition LLC, including, but not limited to, any alleged violation of:

    - The Fair Labor Standards Act ("FLSA");
    - any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation that may relate to the FLSA;
    - any compensatory damages, including liquidated damages, and all other damages related to his compensation claims alleged in the Action; and/or
    - any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters other than as set forth in this Agreement.

Doc ID: bd63b1f9971b82569ca8b11366ae462e2d8d4aa9

B. <u>Government Agencies</u>. Nothing in this Agreement prohibits or prevents Velez from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding, or other proceeding before any federal state, or local government (e.g. EEOC, FCHR, DOL, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Velez's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Velez agrees that if such an administrative claim is made, Velez shall not be entitled to recover any individual monetary relief or other individual remedies. Velez acknowledges and affirms that he has not filed a complaint with, is not participating, testifying, or assisting in any investigation, hearing, or proceeding before any federal, state, or local government agency, is not aware of any such proceedings, and as of the time of this Agreement has no alleged claims against any of the Releasees which may be subject to any investigation, hearing, whistleblower proceeding, or other proceeding before any federal state, or local government agency.

C. <u>Collective/Class Action Waiver</u>. If any claim is not subject to release by this Agreement, to the extent permitted by law, Velez waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party.

3. **CONSIDERATION**. In consideration for the execution by Plaintiff of this Settlement Agreement Pursuant to the Fair Labor Standards Act (the "FLSA Settlement Agreement"), and compliance by Plaintiff with the promises made herein, Defendant agrees to pay the total gross sum of **Ten Thousand Dollars and Zero Cents** ($10,000.00) (the "Payment") to Plaintiff and his attorney within the time frame set forth below after receipt of: a) this FLSA Settlement Agreement executed by Plaintiff and sent via e-mail; b) the Court's entry of an Order approving this FLSA settlement and dismissing the case of *Nelson Velez v. Princeton Acquisition LLC*, currently pending in the United States District Court for the Middle District of Florida, Jacksonville Division, Case No.: 3:22-cv-00486-MMH-PDB (the "Litigation"); and c) separate W-9 Forms executed by Plaintiff and Law Offices of Zandro E. Palma, P.A., respectively. The Payment shall be made as follows:

A. A check payable to Nelson Velez in the gross sum of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), less applicable withholdings, in full satisfaction for any and all claims Plaintiff may have for

3

Doc ID: bd63b1f9971b82569ca8b11366ae462e2d8d4aa9

unpaid overtime compensation and liquidated damages sought in the Litigation, for which Plaintiff shall receive a Form W-2;

B. A check payable to Nelson Velez in the amount of Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00), representing all alleged liquidated damages for which an IRS Form 1099 will be issued to Nelson Velez. No deductions shall be made from this check; and

C. A check payable to Law Offices of Zandro E. Palma, P.A. in the sum of Five Thousand Dollars and Zero Cents ($5,000.00), for all attorneys' fees and costs related to Plaintiff's claims in the Litigation. Defendant shall issue a Form 1099 to Law Offices of Zandro E. Palma, P.A. in said amount.

4. **ACKNOWLEDGEMENTS & AFFIRMATIONS**.

A. Velez affirms that he has not filed, caused to filed, or presently is a party to any claim against Releasees, except for the Action. Velez has released the claims contained in the Action under this Agreement.

B. Velez affirms that the above Consideration constitute full, complete, and uncompromised payment for any and all compensation claimed in the Action. Velez also affirms that he has been paid and/or has received all compensation or relief which could have been claimed in the Action, including any and all claims for unpaid compensation, overtime, liquidated damages and attorneys' fees and costs under applicable federal, state, or local law. Velez further affirms that if, in the future, he alleges that Princeton Acquisition LLC or any of the Releasees, has in any way violated the FLSA, Velez expressly authorizes Defendant and/or any Releasee, to file an unopposed motion or request for approval of this settlement from a court of competent jurisdiction and/or the United States Department of Labor, and shall indemnify Defendant and Releasees for any attorneys' fees and costs incurred in seeking such approval.

C. The Parties acknowledge that the attorneys' fees set forth in this Agreement were negotiated separately and without regard to the amounts paid to Velez. Velez further affirms that the attorneys' and costs in this case are without regard to the amounts paid to him, and that the settlement negotiations have not directly or indirectly resulted in a compromise of his claim for unpaid wages, or the amount of unpaid wages and liquidated damages that will be paid to him pursuant to this Agreement, including but not limited to any and all negotiations relating to attorneys' fees or costs.

Doc ID: bd63b1f9971b82569ca8b11366ae462e2d8d4aa9

D. Velez agrees to pay federal or state taxes, if any, which are required by law to be paid by him with respect to this settlement. Moreover, Velez agrees to indemnify Releasees and hold them harmless from any interest, taxes, or penalties assessed against them by any governmental agency as a result of Velez's non-payment of taxes on any amounts paid to Velez or his attorneys under the terms of this Agreement. However, Princeton Acquisition LLC agrees to pay all payroll taxes and withholdings for which it is legally responsible as a result of the Consideration reflected in Section 3(A) of this Agreement.

E. Velez represents and warrants that he is not and has not been covered by Medicare or Medicaid and that no Medicare/Medicaid payments have been made to or on behalf of Velez and that he is not aware of any liens, claims, demands, subrogated interests, or causes of action of any nature or character that exist or have been asserted arising from or related to any released claims. Velez further agrees that he, and not Releasees, shall be responsible for satisfying any such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted with respect to the released claims.

Velez agrees to indemnify and hold harmless Releasees from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare/Medicaid and/or persons or entities acting on behalf of Medicare/Medicaid, or any other person or entity, arising from or related to this Agreement, the payment of the Settlement Payment, any Conditional Payments made by Medicare/Medicaid, or any medical expenses or payments arising from or related to any released claims that are subject to this Agreement.

5. **DISBURSAL OF SETTLEMENT FUNDS/DISMISSAL OF ACTION.**

A. The settlement payments described in Paragraph 3 above will be sent to counsel for Velez's office **via FedEx or UPS delivery** (c/o Zandro E. Palma, Esq., 9100 South Dadeland Blvd., Suite 1500, Miami, Florida 33156) within three (3) days after all of the following have occurred: (i) counsel for Defendant receives a copy by email of this Agreement signed by Velez; (ii) counsel for Defendant receives an executed W-9 Form from Velez's counsel and Velez, and an executed W-4 Form from Velez; and (iii) the Court approves the settlement of the Action and dismisses the Action with prejudice.

Doc ID: bd63b1f9971b82569ca8b11366ae462e2d8d4aa9

B. The Parties agree to work together in good-faith and make all necessary and appropriate action to ensure that this Agreement obtains the Court's approval, including the preparation and filing a Joint Motion to Approve this Agreement, and the dismissal of the Action with prejudice.

6. **NO CONSIDERATION ABSENT EXECUTION OF THIS AGREEMENT**. This Agreement sets forth the entire agreement between Velez and Defendant as to settlement of his FLSA claims and any other claims Velez may have for unpaid compensation arising out of his employment with Princeton Acquisition LLC, including unpaid overtime, that are contained, or may have been raised, in the Action. Velez acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except those set forth in this Agreement and that his execution of this Agreement is not conditioned on any other act except for those described herein.

7. **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind, or violation by the Releasees of the FLSA. Defendant specifically and categorically denies engaging in any wrongful act whatsoever. The Parties mutually acknowledge and affirm that neither this Agreement nor the furnishing of the consideration for this Agreement is admissible or relevant to any other lawsuit, arbitration, investigation, hearing, proceeding, or dispute of any kind, and shall not be considered or construed against either Party or any Releasees to the fullest extent permitted by applicable law.

8. **PAYMENT OF ATTORNEYS' FEES.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 3.

9. **AUTHORITY TO ENTER INTO AGREEMENT.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

10. **SEVERABILITY.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

Doc ID: bd63b1f9971b82569ca8b11366ae462e2d8d4aa9

11. **EXECUTION OF AGREEMENT IN COUNTERPARTS.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

12. **RIGHT TO ATTORNEYS' FEES FOR ENFORCEMENT.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

13. **CHOICE OF LAW AND VENUE.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida, or if that court declines to exercise jurisdiction, venue shall be proper in Duval County, Florida. The Parties agree to allow this Court to retain jurisdiction over any dispute arising over this Agreement.

14. **OPPORTUNITY TO REVIEW & TRANSLATE**. Velez acknowledges that he is aware he is giving up all unpaid compensation claims he may have against the Releases. Velez acknowledges that he has been advised in writing to consult with an attorney and has the opportunity to seek legal advice before executing this Agreement. Velez also acknowledges that he has been advised in writing that he may obtain a translation of this Agreement in his native language prior to executing this Agreement. In this regard, Velez acknowledges that he has both consulted with his counsel-of-record, his attorneys with Law Offices of Zandro E. Palma, P.A., and reviewed this Agreement prior to executing it, and is satisfied that his attorneys have explained to him all of his options in connection with this Agreement. Velez affirms that he signs this Agreement voluntarily.

15. **FULL PARTICIPATION.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

Doc ID: bd63b1f9971b82569ca8b11366ae462e2d8d4aa9

16. **SECTION HEADINGS.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

17. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed except by a written agreement which is both signed by the Parties and which makes specific reference to this Agreement.

**THE PARTIES HAVE CAREFULLY READ THIS ENTIRE FLSA SETTLEMENT AGREEMENT. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS FLSA SETTLEMENT AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS FLSA SETTLEMENT AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY PARTY ABOUT THIS FLSA SETTLEMENT AGREEMENT ARE CONTAINED IN THIS FLSA SETTLEMENT AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS FLSA SETTLEMENT AGREEMENT, TO FULFILL THE PROMISES SET FORTH IN THIS FLSA SETTLEMENT AGREEMENT, AND TO RECEIVE THEREBY THE PAYMENT SET FORTH IN PARAGRAPH 1 OF THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS FLSA SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES PURSUANT TO THE FAIR LABOR STANDARDS ACT.**

**THE PARTIES ARE SIGNING THIS FLSA SETTLEMENT AGREEMENT VOLUNTARILY AND KNOWINGLY.**

The Parties knowingly and voluntarily sign this FLSA Settlement Agreement as of the date(s) set forth below:

Dated: 07 / 19 / 2022 , 2022    _____/s/ Nelson Velez_____
                                              NELSON VELEZ

8

Doc ID: bd63b1f9971b82569ca8b11366ae462e2d8d4aa9

Dated: 7/25/2022, 2022    PRINCETON ACQUISITION LLC

By: _____

4876-9819-3448, v. 1

9