**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**NELSON VELEZ**
**and other similarly situated individuals,**

    **Plaintiff(s),**

**v.**　　　　　　　　　　　　　　　　　　　Case No.: 3:22-cv-486-MMH-PDB

**PRINCETON ACQUISITION LLC,**

    **Defendant.**

_____/

## RENEWED JOINT MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIM

Plaintiff, NELSON VELEZ, and Defendant, PRINCETON ACQUISITION LLC, (collectively referred to herein as the "Parties"), by and through their undersigned counsel, file this Renewed Joint Motion for Order Approving Resolution of FLSA Claim. In support, the Parties state as follows:

1. On or about April 30, 2022, Plaintiff filed a Complaint alleging that Heritage GP LLC, a/k/a Princeton Acquisition LLC, a/k/a Princeton Management and Matthew B. Lester, individually, violated the FLSA.

2. On or about June 8, 2022, Plaintiff filed an Amended Complaint, properly naming Defendant, Princeton Acquisition LLC, alleging that Defendant violated the FLSA.

3. In his Amended Complaint, Plaintiff alleges that he was not paid overtime compensation which he earned, because he worked off the clock and/or was not paid the overtime premium for certain hours worked.

4. Defendant adamantly denies all allegations and claims asserted by Plaintiff, and especially denies that Plaintiff worked off the clock or that he was not paid the overtime premium for hours that he worked over forty (40) hours.

5. Given the inherent risks and uncertainties of trial, the Parties have negotiated a reasonable, fair, and complete compromise of Plaintiff's claims. The Parties have determined that a resolution in this case at this juncture outweighs the risks and costs for both Parties in going forward with trial.

6. The settlement negotiations were meaningful, and a settlement was reached after the Parties investigated the matter, engaged in ample discovery, and exchanged written discovery and documents. The case involves disputed issues of liability and damages. Accordingly, Plaintiff understands that the monetary consideration being paid in this action may be more than he might recover should the action proceed to the trial and he prevail.

6. The Court should approve the Parties' agreed-upon resolution because it was achieved in an adversarial context, experienced counsel represents both Parties, and the terms of the Parties' resolution reflects a fair and reasonable compromise over disputed issues. Moreover, all attorneys' fees and costs were

negotiated separately and independent from, and subsequent to, the wage amounts set forth in the Parties' Settlement Agreement. A copy of the Parties' Settlement Agreement is attached hereto as Exhibit "A."

## MEMORANDUM OF LAW

When an FLSA settlement involves a compromise, the settlement is submitted for judicial review and approval. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As would a District Court, the Court is to review the attached Agreement to determine if the settlement is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

   (1)   the existence of fraud or collusion behind the settlement;
   (2)   the complexity, expense, and likely duration of the litigation;
   (3)   the stage of proceedings and the amount of discovery completed;
   (4)   the probability of plaintiff's success on the merits;
   (5)   the range of possible recovery; and
   (6)   the opinions of counsel.

*See e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist, LEXIS 10287 at *2-3 (M.D. Fla. Jan, 8, 2007). The Court should be

mindful of the strong presumption in favor of finding a settlement fair and reasonable. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3.

Here, the resolution reached by the Parties was negotiated at arm's length by experienced counsel who protected the rights of both Parties, and did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Parties after extensive investigation, discovery, and negotiation. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the Parties with respect to whether damages were available to Plaintiff under the FLSA and also the amount of damages, if any, that were available to the Plaintiff under the FLSA. To this end, the Parties have – at all times – been represented by competent counsel experienced in the litigation of FLSA claims. Plaintiff worked for Defendant for approximately four (4) years. Plaintiff's time and pay records show that he was paid for all hours actually recorded and reported to Defendant. Plaintiff worked for Defendant as a maintenance employee and at the time of his termination, he was paid an hourly rate of $17.00. Accordingly, the amount agreed to by the Parties, which Plaintiff acknowledges may be more than what he might recover if he were to prevail at trial, is a fair and reasonable compromise of his FLSA claims, especially when

4

considering the probability Plaintiff will succeed on the merits, and the range of potential possible recovery.

With the Court's approval, the Parties will be resolving all claims and disputes between them arising out of, or in any way related to, Plaintiff's wage and hour and overtime claims under the FLSA. The Settlement Agreement resolves all issues in this Arbitration and will result in a full and final dismissal of all FLSA and/or wage-related claims. *See* Ex. A. Both Parties agree that the attorneys' fee payment was negotiated separate from and without regard to the amount being paid to Plaintiff, and further, that same represents a fair and reasonable amount to be paid to Plaintiff's attorneys. Plaintiff's attorneys also represent and agree to release any further claim or lien in relation to the attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court find the agreed-upon resolution of Plaintiff's FLSA claims to be fair and reasonable, and therefore, dismiss this action with prejudice.

Respectfully submitted this 7th day of September, 2022

| | |
|---|---|
| <u>*/s/ Zandro E. Palma*</u> | <u>*/s/ Katherine B. Brezinski*</u> |
| Zandro E. Palma, Esq.<br>ZANDRO E. PALMA, P.A.<br>9100 S. Dadeland Blvd.<br>Suite 1500<br>Miami, FL 33156<br>E-mail: zep@thepalmagroup.com<br><br>*Attorney for Plaintiff* | JACKSON LEWIS P.C.<br>501 Riverside Avenue, Suite 902<br>Jacksonville, FL  32202<br>Telephone:  (904) 638-2655<br>Facsimile:   (904) 638-2656<br><br>Benjamin D. Sharkey<br>Florida Bar No. 0389160<br>Benjamin.Sharkey@jacksonlewis.com<br>Katherine B. Brezinski<br>Florida Bar No. 1002924<br>Katherine.Brezinski@jacksonlewis.com<br>Kathy.Corbin@jacksonlewis.com<br>JacksonvilleDocketing@jacksonlewis.com<br><br>*Attorneys for Defendant* |

4867-1887-2625, v. 1